IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

**KURASTIN P. BROWN**,

    **Plaintiff,**

v.                                       Civil Action No. **2:25-cv-00215**

**SUPERINTENDENT TOBY ALLEN, individually and in his official capacity;
C.O. NOE, individually and in his official capacity;
C.O. JOHN DOES I-IX, individually and their official capacity; and,
The WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, an agency of the State of West Virginia;**

    **Defendants.**

## COMPLAINT

This is an action to redress the deprivation of Plaintiff's rights, privileges and immunities protected by the Constitution and Laws of the United States of America, particularly, but not limited to, the Fourth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution, pursuant to 42 USC §1983, and otherwise. The constitutional violations are alleged against Defendant Toby Allen, Defendant C.O. Noe, Defendants C.O. John Doe I-IX and Defendant West Virginia Division of Corrections and Rehabilitation (WVDCR) in this civil action. This civil action also asserts claims under the statutes and common law of the State of West Virginia against all Defendants.

    1.    Plaintiff's relief sought is limited to coverage afforded by applicable liability insurance policies.

    2.    Plaintiff is a citizen of the United States, the State of West Virginia and the County of Mingo. Jurisdiction of this Court is invoked under 28 U.S.C. §§1343, et. seq. This action at law for money damages arises under 42 U.S.C. §§1983, 1988, the United States Constitution, the laws and Constitution of West Virginia and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes and by the

Fourth, Fifth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction over Plaintiff's claims for violations of his federal constitutional rights pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). Plaintiff was incarcerated at Southwestern Regional Jail (SWRJ) in Holden, Logan County, West Virginia, in August, 2023, when she was subjected to severe, permanent and life-threatening physical and emotional injures due to the negligent and/or intentional acts of Defendant Toby Allen, Defendant Noe, Defendant WVDCR and Defendants C.O. John Doe I-IX. Specifically, on or about August 27, 2023, Plaintiff was incarcerated at SWRJ and housed in A Pod, the female housing pod at SWRJ. Defendant C.O. Noe was the on-duty tower officer. While Plaintiff was in her upstairs cell, male inmate S.D.N. entered the female pod, proceeded up the stairs to Plaintiff's cell, produced a handmade weapon, pressed it to Plaintiff's side, forcibly removed Plaintiff's trousers and brutally and inhumanly raped Plaintiff. Due to the confluence of actions of all Defendants, Plaintiff suffers from serious physical and emotional injuries.

3. Defendant WVDCR, at all times material to this action, was the duly constituted state governmental agency charged with operation of Southwestern Regional Jail, and charged with the formulation and implementation of policies directives, training, supervision, hiring, retaining employees and the general operation of SWRJ as well as the safety and well-being of its inmates, Plaintiff included, pursuant to various codified laws contained in the West Virginia Code including, but not limited to, §§31-20-9, *et seq*. Defendant WVDCR's supervisory personnel, at both WVDCR headquarters and at SWRJ, were deliberately indifferent to the acts of harassment, misconduct and abuse visited upon the Plaintiff which are described throughout this Complaint.

4. Defendant WVDCR is the governmental body which has operated Southwestern Regional Jail (SWRJ) since it opened. Over the course of the last fifteen (15) years, there has existed a continuing practice and pattern of various forms of physical and sexual abuse of male and female inmates at the hands no less than thirty (30) SWRJ correctional officers, possibly

including some of the individual Defendants in this matter. These physical abuses/misconduct range in various forms. The varying degrees of alleged threats and physical abuses/acts of negligence and misconduct are as follows:

    a.    There are occasions when SWRJ officers allegedly spoke in a threatening manner to inmates.

    b.    There are occasions when SWRJ officers allegedly ordered inmates to physically assault other inmates.

    c.    There are occasions when SWRJ officers have allegedly administered physical punishment in excess of what the situation required.

    d.    There are occasions when SWRJ officers have allegedly severely beaten inmates to such an extreme that caused permanent physical damages.

    e.    There are occasions when SWRJ officers have allegedly disregarded various safety orders implemented to protect inmates, causing SWRJ inmates both physical and mental harm.

Any and all of the above-referenced degrees of physical or other abuses are in contradiction to the policies and provisions of Defendant WVDCR and the laws of the State of West Virginia. Considering the severity of these allegations as well as the frequency of such conduct, this practice could not continue to occur without the tacit approval of Defendant WVDCR and the supervisory staff of Defendant WVDCR employed at both its headquarters in Charleston, West Virginia, and at WRJ including, but not limited to, Defendant Allen, Defendant Noe, Defendant John Doe(s) I-IX and possibly other individuals.

Due to the number of allegations, the lack of punishment of many of the perpetrators, as well as high-ranking WVDCR agents/employees failing to report such misconduct to outside law enforcement agency/agencies, a conspiracy to conceal such misconduct has occurred, is ongoing and involves various SWRJ personnel, possibly including the John Doe Defendants I-IX and possibly including all individual Defendants.

Further, upon information and belief, the known and unknown individual Defendants in this civil action have a history of ignoring protocol which have led to inmates being physically and

sexually assaulted by other inmates. These instances of misconduct were either ignored, disregarded or covered-up by fellow SWRJ officers as well as high-ranking WVDCR officials.

5.	As stated previously, Defendant(s) John Doe I-IX are unknown individual or are unknown individuals who are liable unto the Plaintiff in damages. Upon information and belief each such individuals are, or were, employees of Defendant WVDCR at both its headquarters in Charleston, West Virginia, and at SWRJ.

6.	At times relevant hereto, Defendant Noe and Defendant(s) John Doe I-IX were employed by WVDCR as correctional officers assigned to SWRJ. Defendant Allen was the Superintendent of SWRJ. Upon information and belief, during Plaintiff's incarceration at SWRJ, the individual Defendants, including Defendant(s) John Doe(s) I-IX, conspired with, aided and abetted, acted as a lookout, served as an accessory before and after the fact and acted as a principal with regard to the misconduct of the individual Defendants. As alleged in paragraph 4 of this Complaint, the numerous allegations concerning misconduct at SWRJ, including Plaintiff's allegations of failing to follow protocols that are meant to protect inmates, failing to investigate and failing to discipline perpetrators, denote a conspiracy to conceal misconduct of various correctional officers, including the individual Defendants. Defendant(s) John Does I-IX includes, <u>inter alia</u>, unknown individual correctional employees who negligently hired, negligently retained, negligently failed to train, negligently failed to properly supervise the individual Defendants and negligently failed to intervene and protect Plaintiff from the harm suffered by her due to the negligence and misconduct of the individual Defendants. Defendant(s) Doe I-IX also includes any person who concealed the actions of the individual Defendants and/or facilitated their wrongful and actionable acts and failed to intervene on behalf of the Plaintiff.

7.	As stated above, Plaintiff was a person who was incarcerated in SWRJ at all times relevant hereto. At all times relevant, the Plaintiff was an "incarcerated person" and a pre-trial detainee.

8.	During Plaintiff's incarceration in SWRJ, Plaintiff was physically and sexually assaulted and battered, physically abused and battered in various degrees by inmate S.D.N. Any and all misconduct was strictly and solely due to the negligence of the Defendants and their blatant

disregard of the standard WVDCR protocol.

9. Defendants WVDCR, Allen, Noe and John Doe I-IX negligently allowed the conduct set forth herein to occur.

10. Defendants WVDCR, Allen, Noe and John Doe I-IX owed a duty to Plaintiff to provide a reasonably safe confinement facility, a duty to properly staff, hire, train, retain, and supervise its correctional officers as well as ensure that SWRJ inmates were not subjected to cruel and unusual punishment, sexual abuse, physical abuse, harassment, physical assault, or other such related conduct while incarcerated.

11. Defendants WVDCR, Allen, Noe and John Doe I-IX negligently breached these duties by, inter alia, failing to provide a reasonably safe facility, by failing to see to Plaintiff's safety and breached its duty to properly staff, hire, supervise, train and retain correctional officers, specifically the individual Defendants including Defendant(s) John Doe I-IX.

12. During Plaintiff's incarceration in WRJ, the individual Defendants visited extreme cruel and unusual punishment upon Plaintiff in their respective failures to protect her from a male inmate who raped/sexually assaulted/physically assaulted her.

13. A proximate result of Defendants WVDCR, Allen, Noe and John Doe I-IX's failure to see to Plaintiff's safety and their other negligent acts and omissions was that Plaintiff was not sufficiently protected from foreseeable serious injury by these Defendants including Defendant(s) John Doe I-IX.

14. Defendants WVDCR Allen, Noe and John Doe I-IX maintained the confinement facility with deliberate indifference and disregard for the welfare of the Plaintiff. Such omissions and failure to act were grossly negligent and proximately caused the Plaintiff to be treated as set forth herein. A pattern of such deliberate indifference existed at SWRJ over the course of at least the last fifteen (15) years.

15. Defendants WVDCR, Allen, Noe and John Doe I-IX knew or should have known that placement in Southwestern Regional Jail with the individual Defendants exposed Plaintiff to a substantial risk of serious injury, such as sexual abuse/assault, physical abuse, harassment and assaults.

16. Defendants WVDCR, Allen, Noe and John Doe I-IX knew or should have known that the individual Defendants failed to comply with standards required of a correctional officer or any other position within the WVDCR.

17. Defendants WVDCR, Allen, Noe and John Doe I-IX, with deliberate indifference to Plaintiff's safety, were grossly negligent and reckless by allowing the placement of the Plaintiff in SWRJ in the presence of the assaulting inmate, S.D.N.

18. Defendants WVDCR, Allen, Noe and John Doe I-IX negligently failed to establish and provide appropriate training programs to educate and train its staff so as to prevent sexual abuse/assault, harassment, mistreatment, physical abuse, physical assault and severe beatings of its inmates by other inmates.

19. Defendants WVDCR, Allen and John Doe I-IX otherwise negligently breached its duty to properly hire, train, and supervise Defendant Noe and other John Doe I-IX Defendants, negligently retained them in its employ and negligently failed to protect Plaintiff from violations of her statutory and common law rights and protections.

## COUNT ONE

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 of this complaint as if the same were set forth herein verbatim.

21. Defendants WVDCR, Allen and John Doe(s) I-IX, jointly and severally, deprived Plaintiff of rights, privileges and immunities protected by the Constitution of the State of West Virginia and by the Constitution of the United States of America during her incarceration at SWRJ.

22. The acts and omissions of the individual Defendants WVDCR, Allen and John Doe(s) I-IX, jointly and severally, as set forth above, visited upon Plaintiff while incarcerated in SWRJ, were such as to subject Plaintiff to acts of cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments of the Constitution of the United States of America.

23. The acts and omissions of Defendants WVDCR, Allen and John Doe(s) I-IX, jointly and severally, as set forth above, visited upon Plaintiff while incarcerated in SWRJ, were such as to deprive the Plaintiff of her right to be secure in her bodily integrity under the Fourth

Amendment of the United States Constitution and deprive her of his right to bodily privacy under its Ninth Amendment.

24. The acts and omissions of Defendants WVDCR, Allen and John Doe(s) I-IX, jointly and severally, proximately caused an unconstitutional deprival of Plaintiff's liberty interests, bodily integrity, right to equal protection of law and right to due process while under the legal and physical custody of the State of West Virginia and be protected from discrimination at the hands of Defendant WVDCR and its employees/agents.

25. Defendants WVDCR, Allen and John Doe(s) I-IX were deliberately indifferent to the safety of Plaintiff, thereby proximately causing her to be exposed to and suffer foreseeable, substantial physical injury and harm.

## COUNT TWO

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint as if the same were set forth herein verbatim.

27. Defendants WVDCR, Allen and Defendants John Doe(s) I-IX's conduct was so atrocious, intolerable, extreme and outrageous as to exceed the bounds of decency and to offend community notions of acceptable behavior, giving rise to a claim of compensatory damages and punitive damages against all Defendants. Specifically, as stated previously, all Defendants failed to protect Plaintiff which caused Plaintiff to be physically and sexually abused and physically and sexually assaulted on the grounds of SWRJ by a male inmate in August, 2023. These physical and sexual abuses and physical and sexual assaults occurred in the A pod at SWRJ that is open and obvious to all Defendants and their SWRJ cohorts. Upon information and belief, all Defendants had perpetrated similar acts of blatant misconduct concerning other inmates at SWRJ or other WVDCR facilities. Further, upon information and belief, Defendants WVDCR, Allen and John Doe(s) I-IX were aware of the misconduct on SWRJ grounds prior to their respective actions which led to this complaint.

28. The acts and omissions of all Defendants, jointly and severally, caused Plaintiff to suffer severe emotional distress, giving rise to a claim of compensatory damages against each Defendant and punitive damages against all Defendants, including John Doe(s) I-IX Defendants.

29. The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure the same.

## COUNT THREE

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint as if the same were set forth herein verbatim.

31. Defendants WVDCR, Allen and John Doe I-IX and other personnel of WVDCR are otherwise liable by reason of negligent retention of Defendant Noe and possibly other John Doe I-IX Defendants in its employ, by virtue of its negligent failure to properly supervise these Defendants, by reason of a failure to properly staff the facility and train employees including supervisory staff, by reason of a negligent failure to protect Plaintiff from foreseeable harm and by reason of its failure to take reasonable measures to prevent the unlawful and egregious conduct of all Defendants with regard to inmates in SWRJ, including the Plaintiff.

## COUNT FOUR

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31 of this Complaint as if the same were set forth herein verbatim.

33. State law and common law claims and causes of action are asserted by Plaintiff against all Defendants are follows:

    (a)    Tort of harassment;

    (b)    Tort of unwelcome touching of her person, specifically, on occasions the individual Defendants perpetrated the same;

    (c)    Tort of civil battery;

    (d)    Tort of civil assault;

    (e)    Tort of intentional infliction of emotional distress;

    (f)    Tort of outrageous and atrocious conduct;

    (g)    Tort of invasion of her right to privacy;

    (h)    Tort of civil conspiracy;

    (i)    other statutory and common law causes of action, including but not limited

to, common law negligence against Defendants WVDCR, Allen and John Does I-IX.

## COUNT FIVE

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint as if the same were set forth herein verbatim.

35. As a direct and proximate result of the conduct of all Defendants, jointly and severally, Plaintiff has suffered:

(a) past, present and future anxiety;

(b) humiliation;

(c) annoyance and inconvenience;

(d) pain and suffering;

(e) mental anguish;

(f) loss of his ability to enjoy life;

(g) physical injury, including possible permanency;

(h) current and future medical and pharmaceutical expenses;

(i) other damages.

## COUNT SIX

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint as if the same were set forth herein verbatim.

37. Defendants WVDCR, Allen, Noe and John Doe(s) I-IX and other staff of Defendant WVDCR/SWRJ have engaged in a course of conduct which has been willful, conspiratory and intended to deny Plaintiff certain rights guaranteed by the Constitutions of the United States and of the State of West Virginia, federal statutes, State statutes and the common law of West Virginia as well as Defendant WVDCR's own rules, policies and provisions.

38. Conduct by all Defendants has constituted acts in furtherance of a civil conspiracy. As addressed in paragraph 4 of this Complaint, the purpose of this conspiracy was to avoid Defendants of a criminal investigation by federal, state and/or local law enforcement officials as to the physical assaults, physical abuses, harassment and cruel and unusual punishment of Plaintiff by the individual Defendants, Defendants John Does I-IX, and otherwise.

39. One of the several purposes of this civil conspiracy was to avoid a criminal prosecution of any of the individual Defendants, including Defendant Noe, by an outside law enforcement agency as well as to preserve the reputation of Defendant WVDCR and to avoid further embarrassment.

**COUNT SEVEN**

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint as if the same were set forth herein verbatim.

41. Claims are asserted against Defendants WVDCR, Allen and John Doe I-IX, as well as various officials and employees in its employ, as follows:

(a) Negligent hiring and negligent retention of Defendant Noe and possibly other John Doe Defendants, negligent failure to intervene on Plaintiff's behalf, negligent failure to supervise Defendant Noe and negligent failure to properly train Defendant Noe.

(b) Respondent Superior, Law of Agency.

(c) Causes of action arising under the West Virginia common law tort of outrageous conduct, tort of negligent infliction of emotional distress, tort of invasion of privacy and tort of harassment for its supervisory employees as well as Defendant Noe and Defendants John Doe(s) I-IX.

(d) Plaintiff maintains the following claims against Defendant Allen, Defendant Noe, and Defendants John Doe(s) I-IX arising from violations of her constitutional rights as a citizen of West Virginia under the State Constitution:

Violation of his privacy rights and to her bodily integrity.

- Article 3-1 and Article 3-3

Violation of her right to be secure in her person and to her bodily integrity.

-Article 3-6

Violation of her right to due process and to her liberty interests. – Article 3-10

Violation of her right to be free from cruel and unusual punishment.

10

– Article 3-5

(e)  Claims are asserted against Defendant Allen, Defendant Noe and Defendants John Doe(s) I-IX arising from violations of Plaintiff's constitutional rights as a citizen of this nation under the United States Constitution are as follows:

**Fourth Amendment** – violation of her right to be secure in her person and to her bodily integrity.

**Eighth Amendment** – violation of her right to be free from cruel and unusual punishment.

**Ninth Amendment** – violation of her right to privacy and to her bodily integrity.

**Fourteenth Amendment** – violation of her due process, equal protection rights and liberty interests.

WHEREFORE, Plaintiff Kurastin P. Brown demands judgment against the Defendants, jointly and severally, in an amount to fully and fairly compensate her for her damages, compensatory and punitive, including court costs, attorney fees pursuant to 42 U.S.C. §§1983 and 1988(b) and such and further relief as the Court may deem appropriate. Punitive damages are not claimed against Defendant WVDCR.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

    KURASTIN P. BROWN
    Plaintiff
    By Counsel

s/Kerry A. Nessel
Kerry A. Nessel, Esquire, WVSB 7916
The Nessel Law Firm
418 Ninth Street
Huntington, WV 25701
304.697.6377
nessel@comcast.net

Tyler C. Haslam, Esquire
WVSB 11522
Haslam Law Firm
PO Box 585
Huntington, WV 25701

*Counsel for Plaintiff*