**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

KURASTIN P. BROWN,

        Plaintiff,

v.                                       CIVIL ACTION NO.   2:25-cv-00215

SUPERINTENDENT TOBY ALLEN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant C.O. Noe's Notice of Non-Party Fault* (Document 50), the Plaintiff's *Motion to Strike Defendant C.O. Noe's Notice of Non-Party Fault* (Document 54), the memorandum in support (Document 55, mis-titled as duplicate *Motion to Strike Defendant C.O. Noe's Notice of Non-Party Fault*), *Defendant Toby Allen and West Virginia Division of Corrections and Rehabilitation's Response in Opposition to Plaintiff's Motion to Strike C.O. Noe's Notice of Non-Party Fault* (Document 59), and *Defendant C.O. Noe's Response in Opposition to Plaintiff's Motion to Strike Defendant C.O. Noe's Notice of Non-Party Fault* (Document 60).

Defendant C.O. Noe "requests that the trier-of-fact be permitted to apportion fault, if any, for Plaintiff's alleged damages by and among all current parties and the potentially at-fault non-parties listed herein." (Notice at 1.)  She lists the following individuals and entities: Steven Dwayne Nease (responsible for the alleged sexual assault of the Plaintiff); Com-Tec Security, LLC (manufacturer of the security system at the time of the events); Cornerstone Detention Products, Inc. (acquired Com-Tec Security); William McCoy (investigated the incident); Plaintiff's spouse

(claiming she and her spouse "conspired together with respect to the acts and/or omissions giving rise to this cause of action"); and Plaintiff's 2017 assailant (an unidentified Mingo County, West Virginia, official who allegedly sexually abused the Plaintiff in 2017).

Ms. Brown contends that the effort to place these non-parties is "an apparent attempt to apportion liability away" from Defendant Noe. (Document 55 at 1.) She argues that the non-party fault statute is preempted as to the federal claims and its application as to the state claims would lead to jury confusion and unfairly prejudice the federal claims. As to William McCoy specifically, the Plaintiff contends that the allegation that he bears fault for Ms. Brown's damages based on his investigation after the fact is illogical, and that any claim against him as a WVDCR employee should be pursued through a crossclaim.

Ms. Noe argues that motions to strike are disfavored. She contends that the notice of non-party fault does not impact her federal claims or her ability to recover damages, but "simply identifies parties Plaintiff failed to identify and include in this case for the jury's consideration at trial." (Noe Resp. at 3.) She notes that the Plaintiff did not file a similar motion to strike in response to the earlier filed *Defendants' Notice of Fault of Non-Party* (Document 17) submitted by Defendant Allen and the WVDCR and suggests that any objection is therefore waived. The remaining Defendants contend that striking the notice would not be proper, and any issues regarding the evidence as to specific non-parties and the appropriate procedures to employ should be addressed at a later stage.

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike. It permits courts to "strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally

2

viewed with disfavor." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

West Virginia Code § 55-7-13d provides for consideration of fault of "all persons who contributed to the alleged damages regardless of whether the person was or could have been named as a party to the suit." W. Va. Code § 55-7-13d(a)(1). "The burden of alleging and proving comparative fault shall be upon the person who seeks to establish such fault." *Id.* at § 55-7-13d(d). This Court has previously found that "W. Va. Code § 55-7-13d is not applicable to the federal claims presented herein," as it relates to claims under 42 U.S.C. § 1983. *Taylor v. Wexford Health Sources, Inc.*, No. 2:23-CV-00475, 2024 WL 3098162, at *7 (S.D.W. Va. June 21, 2024) (Berger, J.). However, the Plaintiff has pending state claims, as well as her federal claims pursuant to 42 U.S.C. § 1983.

The Honorable John T. Copenhaver, Jr. addressed a motion to strike notices of nonparty fault and concluded that striking the pleadings was inappropriate in light of the lack of prejudice derived from the pleadings remaining in the record. *Courtland Co., Inc. v. Union Carbide Corp.*, No. 2:18-CV-01230, 2020 WL 7234281, at *4 (S.D.W. Va. Dec. 8, 2020) (Copenhaver, S.J.). Judge Copenhaver outlined the standards applicable to motions to strike under Federal Rule of Civil Procedure 12(f), noting that motions to strike are disfavored and may be denied when the moving party fails to establish prejudice even when that party otherwise meets the high burden applicable to such motions. *Id.* at 3. Judge Copenhaver also found arguments regarding whether the comparative fault statute was applicable to specific claims under the facts of the case to be premature where those arguments were "based on the allegations in [the plaintiff's] complaints rather than on evidence." *Id.* at 5.

The Court concurs with Judge Copenhaver's approach.  Defendant Noe's Notice lists several non-parties, and she may fail to bring forth sufficient evidence for any allegation of fault as to those non-parties to reach a jury.  But a motion to strike is not the proper avenue for consideration of the substantive viability of her claims, the relationship between any wrongdoing or negligence by non-parties and the causes of action alleged by the Plaintiff, or the proper procedure to present such claims to the jury without prejudice to the federal claim.[1]

Wherefore, for the reasons stated herein, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Motion to Strike Defendant C.O. Noe's Notice of Non-Party Fault* (Document 54) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        July 14, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] To be clear, the Court rejects Defendant Noe's suggestion that failing to immediately object or seek to strike a notice of non-party fault waives any objection thereto.   The Court will be better able to consider and address any arguments regarding the propriety of presenting certain non-parties to the jury and/or the procedures for doing so when the parties are able to provide evidentiary context for their positions.

4